J-A01008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUKHSANA HASIB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAHMOOD CHOUDHURY | : | |
| | : | |
| Appellant | : | No. 514 EDA 2018 |

Appeal from the Order January 17, 2018
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2010-60229-D-Q

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **Filed June 10, 2019**

Mahmood Choudhury appeals from the order entered on January 17, 2018, in the Court of Common Pleas of Bucks County, granting a divorce between him and Rukhsana Hasib and distributing the marital assets.  In this timely appeal, Choudhury raises 17 issues, only one of which is adequately developed.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm in part and reverse in part.

The trial court provided this summation of the history of this case in its Pa.R.A.P. 1925(a) opinion.

> Rukhsana Hasib [Hasib] filed a Complaint in Divorce with claims for Equitable Distribution, Alimony, Counsel Fees and Costs on January 26, 2010.  Both parties attended an Equitable Distribution hearing before a Divorce Master on July 12, 2017, and were thereafter served with the Report of the Divorce Master on August 1, 2017.  [Choudhury] filed a Motion for De Novo Hearing on August 12, 2017 and an Equitable Distribution Hearing was subsequently scheduled for January 9, 2018.

On December 13, 2017, [Hasib's] counsel sent a request for a continuance of the hearing indicating that the parties were in settlement discussions. We denied this joint request for a continuance, as they had almost a month before the scheduled hearing to continue to discuss the potential for settlement and because this matter had been pending for almost eight years and had been the subject of numerous hearings before the Court in the past. We felt that the request was an attempt to delay this case even further.

Mid-day on the day before the scheduled Equitable Distribution Hearing, [Choudhury] sent a letter via facsimile to our chambers, requesting a continuance due to an alleged health-related issues [sic] stemming from an incident that occurred about a week prior to the scheduled hearing. [Choudhury] did not offer any documentation from a physician indicating he should not attend the hearing due to medical reasons. We ultimately denied [Choudhury's] extremely short-notice request for a continuance on the day that the request was received in Chambers. That afternoon, [Hasib's] counsel was informed of the denial via telephone, and was asked to communicate this to Mr. Choudhury. Counsel indicated at the hearing on January 9, 2018, that on the day of the denial of the request for a continuance, she sent [Choudhury] an email to the email address he had previously used to communicate with both her and the Court, informing him that the continuance request was denied.

Choudhury did not appear at the Equitable Distribution Hearing the following day, January 9, 2018. Prior to the start of the actual hearing we instructed [Hasib's] counsel to attempt to contact Mr. Choudhury to find out whether he planned to attend the hearing. Counsel made multiple attempts to contact [Choudhury] both on his home phone and his cell phone. Counsel informed the Court that [Choudhury's] home phone number voicemail indicated that the memory was full, so she was unable to leave a message. After calling his cell phone twice, Counsel was able to leave a message on his cell phone. After not hearing back from [Choudhury], we ultimately proceeded with the De Novo Hearing without his presence. At the conclusion of the hearing, [Hasib's] Counsel was instructed to prepare and submit a proposed order and decree to chambers within one week of the hearing. The final Decree and Order was entered on January 17, 2018.

On February 14, 2017, [Choudhury] filed his Notice of Appeal to the Superior Court. Then, on March 6, 2018, [Choudhury] filed a Motion to Reconsider the Order dated January 17, 2018. [Choudhury's] Motion to Reconsider was not addressed due to the pending appeal and the expiration of the time period for reconsideration.

Trial Court Opinion, 4/17/2018, at 1-2.

Choudhury is not challenging the aspect of the order granting the divorce. Rather, he is attempting to challenge various aspects of the order regarding equitable distribution. The January 17, 2018, order and decree has 20 numbered paragraphs. We will address aspects of paragraphs 12, 13 and 15. The relevant language of each paragraph is as follows:

12. [Hasib] is awarded 50% of [Choudhury's] 1% interest as General Partner of Sovereign Realty Investments, LP, *and the parties are hereafter Co-General Partners, with equal rights, responsibilities, duties and obligations.* . . .

13. [Hasib] is awarded 50% of [Choudhury's] 1% interest as General Partner of Cabochon Properties, LP, *and the parties are hereafter Co-General Partners, with equal rights, responsibilities, duties and obligations.* . . .

15. [Hasib] is awarded [Choudhury's] 1% interest as General Partner of Orchards Industrial Land, LP, *and shall be the sole General Partner*. . . .

Order and Decree, January 17, 2018, at ¶¶ 12, 13, 15 (italics added). Only such language of each order that is italicized will be addressed.

We begin our review by noting,

[a] trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which

- 3 -

requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

***Carney v. Carney***, 167 A.3d 127, 131 (Pa. Super. 2018) (citation omitted).

As noted above, Choudhury has properly developed only one issue, but which touches upon five of the 17 issues raised. There were three family owned limited partnerships during the marriage: Sovereign Realty Investments, L.P., Cabochon Properties, L.P., and Orchards Industrial Land, L.P. Choudhury was the General Partner of all three; his wife, Hasib, and two sons were limited partners. In issues 7, 9, 10, 11, and 12, of Choudhury's brief, he argues the trial court erred in either removing him as the General Partner and naming Hasib as the sole General Partner, or in naming Hasib co-General Partner. We agree that the trial court misapplied the law regarding general partners and in so doing, abused its discretion.

Choudhury argues the trial court overreached its authority in making changes to the corporate officer structure of the three limited partnerships in

question. He argues limited partnerships are subject to statutory rules that the trial court cannot ignore even in the face of the broad discretion afforded it when determining equitable distribution. Neither the trial court nor Hasib have cited any case that allows a trial court to affect such changes contrary to statute.

The laws regarding limited partnerships are found in Title 15 of the Consolidated Statutes. There is a specific section addressing the dissociation of a general partner, 15 Pa.C.S. § 8663. There are three statutory methods of properly dissociating a general partner when that partner is an individual. They are:

(i) the individual dies;

(ii) a guardian for the individual is appointed, or

(iii) a court orders that the individual has otherwise become incapable of performing the individual's duties as a general partner under this title or the partnership agreement.

15 Pa.C.S. § 8663(7)(i)-(iii).

Although in this instance, the court ordered Choudhury dissociated from the general partnership of Orchards Industrial Lands, L.P., there is no reference to the trial court having specifically determined Choudhury was incapable of performing his individual duties for the partnership. Indeed, had the trial court made such a determination, it would be illogical for the trial court to have allowed Choudhury to remain as co-general partner of both Sovereign Realty Investments, L.P. and Cabochon Investments Florida, L.P.

Similarly, 15 Pa.C.S. § 8641 describes the statutory methods of becoming a general partner. Section 8641(b)(1)-(4) addresses admission as a general partner after the formation of the limited partnership. The statute states:

> **(b) Admission after formation.--**After formation of a limited partnership, a person becomes a general partner:
>
> (1) as provided in the partnership agreement;
>
> (2) as the result of a transaction effective under Chapter 3 (relating to entity transactions);
>
> (3) with the affirmative vote or consent of all the partners; or
>
> (4) under section 8681(a)(3)(ii) or (5) (relating to events causing dissolution) following the dissociation of a limited partnership's last general partner.

15 Pa.C.S. § 8641 (b)(1)-(4).[1]

None of the events or conditions described in this section are instantly applicable. Accordingly, we find no statutory authority for the trial court, in determining equitable distribution, to fashion its own rules for the appointment of a co-general partner. While we understand the trial court's motives in attempting to restructure the limited partnership agreements to

---

[1] Neither of the conditions in Section 8681, as referenced in Section 8641(b)(4), apply, as Section 8681 addresses the situation where the limited partnership is dissolving AND there is no remaining general partner (§ 8681(a)(3)(ii)) or there is only one partner remaining (§ 8681(5)). That is not the situation herein.

ostensibly provide a more secure and stable base for the ongoing business activities of the partnership, ultimately, the trial court lacks the authority to act in this manner. Therefore, we must reverse those portions of the order that (1) appoints Hasib as co-general partner in Sovereign Realty Investments, L.P. and Cabochon Investments Florida, L.P., and which (2) dissociates Choudhury as general partner of Orchards Industrial Land, L.P. and replaces him with Hasib. Further, regarding paragraph 15 and Orchards Industrial Land, L.P., we also reverse that portion of the order that directs Hasib, as the newly appointed General Partner, to sell the 16-acre parcel of land held by Orchards Industrial Land, L.P., and then to dissolve that partnership. Because we have determined the trial court abused its discretion in appointing Hasib as the sole General Partner of Orchards Industrial Land, L.P., she cannot now legally fulfill those duties. The effect of our decision on this issue is to return the corporate structure of the three limited partnerships involved in this matter to the *status quo ante*.

We recognize that paragraphs 12, 13 and 15 of the January 17, 2018, order and decree also address financial issues, including transfers of shares between Choudhury and Hasib.[2] Choudhury has not provided any argument

---

[2] Regarding Sovereign Realty Investments, L.P. and Cabochon Properties, L.P., the trial court awarded Hasib 50% of Choudhury's stake as General Partner, and conversely awarded Choudhury 50% of Hasib's stake as a Limited Partner. Regarding Orchards Industrial Land. L.P., the trial court awarded Hasib all of Choudhury's stake as General Partner, and awarded Choudhury 51.28% of Hasib's stake as a Limited Partner. The result of this financial

that his status as General Partner was necessarily based upon specific ownership percentages. His complaint, as developed in his brief, is based solely upon statutory interpretation. The statutes make no reference to ownership percentages. Accordingly, we interpret the trial court's reassessment of such as merely part of the equitable distribution of marital assets. Essentially, we have determined that the trial court possessed the authority to reallocate the finances of the parties to achieve a financial balance. However, the trial court did not possess the authority to reallocate the corporate power within the three Limited Partnerships.

We will not and cannot address the remaining claims raised by Choudhury. Appellee correctly notes in her brief that the Rules of Appellate Procedure require a party to make appropriate references to the certified record in support of the arguments made. *See* Hasib's Brief at 17-18; Pa.R.A.P. 2119(c). Choudhury's statutory references were adequate to allow for the review of the issues regarding his status as General Partner of the limited partnerships. However, his brief is bereft of appropriate reference to the certified record in all other regards. The effect of this failure is to require this court to scour the certified record, which appears to consist of thousands of pages, to find references to support the appeal. We are not advocates for any party and it is not our responsibility to find support in the record for

rearrangement was to make Choudhury and Hasib equal 40% owners of Orchards Industrial Land, L.P. There were other awards of cash payments involving the three limited partnerships. None of these are at issue herein.

undeveloped arguments. Rather, it is the appellant's duty to provide this Court with legally sufficient arguments that include proper references to the record. When these references are absent, as is the case instantly, we find the arguments waived. ***See Hackett v. Indian King Residents Association***, 195 A.3d 248, 255 (Pa. Super. 2018).[3] In light of the foregoing, all issues, other than those specifically addressed above, are waived.

Order affirmed in part, reversed in part. This matter is remanded to the trial court for entry of an order consistent with this decision. Jurisdiction relinquished.

---

[3] The most extreme example of Choudhury's failure to develop his argument is found at Issue 6, which consists of two sentences:

> Plaintiff submitted a list of personal property that she claimed from the marital residence. There was no effort to negotiate an agreement with the Defendant on the issue.

Choudhury's Brief at 24.

There is no indication where this purported list is to be found in the certified record and no indication where in the certified record Choudhury brought any complaint regarding this list to the trial court's attention. Additionally, Choudhury has made no attempt to explain what prejudice he suffered from Hasib's removal of her personal property, such as claiming that any specific piece of property was wrongfully removed. Choudhury cannot prevail with such undeveloped arguments.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2019